UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OCTAIVIAN DEMETRIUS REEVES, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-CV-411-RLJ-JEM |
| TDOC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, a former Tennessee Department of Correction ("TDOC") prisoner proceeding pro se, filed this action seeking relief for violation of 42 U.S.C. § 1983 [Docs. 1, 2]. On August 10, 2022, the Court entered an order (1) noting that it appeared that Plaintiff had not updated the Court as to a new address despite his apparent release from TDOC custody more than two weeks before and the Court previously notifying him of the requirement that he notify the Court of any address change within fourteen (14) days; (2) requiring Plaintiff to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders within fifteen days of entry of that order; and (3) notifying Plaintiff that failure to timely comply would result in dismissal of this action for failure to prosecute and failure to follow Court orders [Doc. 14]. However, the United States Postal Service returned this order to the Court with a notation indicating that Plaintiff is no longer incarcerated in the Riverbend Maximum Security Institution [Doc. 15 p. 4], which is the last address Plaintiff provided the Court [Doc. 10; Doc. 13 p. 7]. Also, Plaintiff has not complied with the Court's show cause order, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED**

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for want of prosecution and failure to comply with a Court order.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's show cause order is due to his willfulness or fault. Specifically, it appears that Plaintiff did not receive or comply with that order because he failed to update the Court as to his most recent address, monitor this case, or diligently prosecute this action, as the Court's Local Rule requires. E.D. Tenn. LR 83.13 (providing that a pro se party has a duty to notify the Clerk and the other parties to the proceedings of any change in his or her address within fourteen days, "to monitor the case, and to prosecute . . . the action diligently" and that "[t]he failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action"). As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced

Defendants, as they have not been served. As to the third factor, the Court notified Plaintiff in its previous order that failure to timely comply therewith would result in dismissal of this action [Doc. 14 p. 2], and previously notified Plaintiff that it could dismiss this action if he failed to notify the Court of an address change within fourteen (14) days [Doc. 5 p. 1; Doc. 8 p. 3; Doc. 12 p. 3]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, he has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's order and Local Rule, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

    **AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    **IT IS SO ORDERED.**

ENTER:

                                        s/ Leon Jordan
                                 United States District Judge